## Norris, Appellant, v. Moulton, Adm'r, Appellee.

A widow, who continues, after the decease of her husband, to occupy the dwelling which constituted the family home at the time of his death, is entitled, under the act of July 4, 1851, to a homestead, to be assigned to her out of the estate, to the value of five hundred dollars, and her right to the homestead is paramount to the claims of creditors, heirs and devisees, so long as she continues to occupy.

Such assignment is to be made, notwithstanding the estate may be under the

Norris v. Moulton.

incumbrance of a mortgage which is paramount to the homestead right, and in making the assignment the estate is to be valued as though it were free from the mortgage.

The judge of probate is authorized in such case to make the assignment by virtue of the provisions of sec. 1, ch. 167, Revised Statutes.

THIS is an appeal from a decree of the judge of probate, denying the petition of the appellant for the assignment of a homestead out of the estate of her late husband, Moses Norris, under the provisions of the act of July 4, 1851.

At a probate court held on the third day of June, 1856, the appellant presented a petition in writing to the judge of probate, setting forth that she is the widow of Moses Norris, deceased; that he died seized of certain real estate, which at the time of his death, and long prior thereto, was occupied by him and the petitioner, as his wife, with their children, as his and their home and dwelling; that the petitioner, with their minor children, has continued to occupy the same as her home and dwelling, ever since the decease of her said late husband, and praying that a homestead, to the value of five hundred dollars, may be assigned and set off to her out of said estate, agreeably to the provisions of said act.

The judge of probate decreed the petition, and the appeal is taken from this order or decree of the judge; and it is agreed by the parties that said Moses Norris died on the 11th of January, 1855, intestate; seized of the premises described in the petition, subject, however, to a mortgage given by the said Moses at the time of the conveyance of the premises to him, to secure a part of the purchase money of the estate; that the amount of the mortgage debt at the time of his death was about $1400, and that the premises were then of the value of $3500; that said Moses occupied said premises at the time of his death, as his family dwelling, and that the appellant, his widow, has continued, with their minor children, to occupy the same as her dwelling and home, ever since his death, and that the appellee has been duly appointed administrator of said Moses' estate.

*G. W. Morrison,* for the petitioner.

*Foster & Ayer,* for the administrator.

SAWYER, J.   Although the act of July 4, 1851, under the provisions of which the petitioner claims to have a homestead assigned to her out of the estate of her late husband, is entitled " an act to exempt the homestead of families from attachment and levy or sale on execution," some of its provisions are of a character to give it a much wider application than its title imports.

By the first section it is declared not only that the family homestead of the head of each family, to the value of five hundred dollars, shall be so exempted from attachment, and levy or sale, but also that it " shall not be assets in the hands of the administrator, nor subject to distribution or devise, so long as it shall be occupied by the widow or any of the minor children."   And it is further declared in the same section, that no release or waiver of the exemption shall be valid unless made by deed, executed by the husband and wife, with all the formalities required by law for the conveyance of real *estate ;* or if the wife be dead, and there be minor children, by such deed executed by the father, with the consent of the judge of probate indorsed thereon.   It is obvious from these provisions that the homestead contemplated by the act is not only to be exempted from attachment and levy or sale on execution against the owner in his lifetime, and for the benefit not merely of himself, but of his wife, if living, and of his minor children, she being dead, but also that upon his decease it is not to be administered upon as assets for the payment of his debts, nor to be subject to the laws of distribution among his heirs, nor to pass by a devise in his last will and testament, so as to defeat the right of his widow to enjoy it as a homestead during her life, if she shall choose thus to occupy it, nor of his infant children so occupying during their minority.   It is not, indeed, declared in explicit terms that the widow or infant children shall have the right thus to occupy, but it is manifestly implied.   It cannot be doubted that it was so intended

by the legislature in the enactment. By its express terms it exempts the homestead, which it sets up in the lifetime of the owner, for his benefit, from the operation of the laws for the compulsory payment of his debts, restrains him, in favor of his wife, from the voluntary alienation of it without her consent, and in favor of his children, if she be dead, without the consent of the judge of probate acting for them ; and at his decease suspends the operation of the laws relating to the administration, distribution and descent of estates, in reference to it so long as the widow or minor children continue to occupy. An enactment which thus postpones the claims of creditors, heirs and devisees in favor of the widow, must be held to confer upon her an estate in the homestead which it sets up. An examination of the nature and character of this estate will determine whether any, and if any, what proceedings known to our laws are necessary and proper to enable her to hold and enjoy it.

There can be no doubt that the property in which the homestead right is claimed by the widow must have been occupied by the deceased husband as his domicil, or home. It is designated, in the first section of the act, as " the family homestead." In the second section the exemption from attachment and levy or sale is declared to extend to any interest which the debtor may own in " such homestead," and to any building occupied by him as a " homestead," standing on land not owned by him ; and in all cases the exemption and estate, or right, are limited to the value of five hundred dollars. By the third and fourth sections the mode is prescribed for carving out of the whole estate or property so occupied by him, as his domicil or home, the precise homestead of the limited value which he may hold under the exemption, and for setting it off to him in the particular case specified, and in that case only, namely, in the case of proceedings by a judgment creditor, to obtain satisfaction of his execution by a levy upon the land, or a sale of his interest in the property thus occupied.

The act, then, creates and sets up in every owner of the estate, or property occupied by him as the head of a family, for

his family dwelling, a right to hold so much of the estate as may equal in value five hundred dollars, free from levy or sale on execution. It provides a mode in which, when an execution is about to be levied, the particular homestead of the value limited may be designated and set apart by metes and bounds, to be held by him under the exemption. This right is declared, in the broadest terms, to exist in the case of every head of a family, and in reference to every home or dwelling, under the designation of every family homestead. At the same time, it creates a right in his widow, so long as she shall occupy this family dwelling after his decease, to hold it to the extent of the value limited, as against creditors, heirs and devisees, and this it does in terms equally broad, without limiting her right to a particular homestead set off and assigned to her deceased husband in his lifetime, and irrespective of the question whether or not such assignment had been made, or whether a judgment had or not been rendered against him. It cannot be supposed that it was intended by the legislature to give to the widow the right to the homestead, when it had been thus assigned and set off to her husband upon proceedings under an execution, and to withhold it in cases where no judgment had been rendered against him. No satisfactory reason can be suggested for such distinction, and the terms of the act clearly indicate that none such was contemplated. The phraseology employed in the first section is, " such homestead shall not be assets," &c. This must be understood to refer to that homestead which is declared in the preceding part of the section to be exempted from attachment and levy or sale, and thus be held to mean " such homestead" as the husband when living had the right to hold, exempt from compulsory process for the payment of his debts, and to have had set off under an attempt to levy an execution thereon. The homestead exemption from attachment and levy or sale exists during the life of the husband, equally whether he be a debtor in execution or not. The same right which he had to hold under the exemption against his judgment creditors survives to his widow, to hold against the administrator, creditors and heirs, so long as

she shall occupy. This may be for life. Her right, then, is to use and occupy for life such proportionate part of the estate as five hundred dollars bears to the value of the whole. Until her share is assigned and set off in severalty, like her right of dower before assignment, it is inchoate, and no estate can technically be said to vest in her ; but, as in the case of dower, she has an inchoate homestead right in the whole estate to the extent of such proportion as five hundred dollars bears to the value of the whole. This being assigned and set off by metes and bounds, vests in her as a conditional estate for life ; its continuance de-‌ pending upon the condition subsequent, that she continues to occupy it as her homestead.

Upon this view, the widow having such inchoate right is entitled to have it assigned to her in severalty. No mode is prescribed in the act for making this assignment ; but this was unnecessary for a case of this character, as the provisions of chap. 167 of the Revised Statutes would seem to be sufficient for this ; at least, in cases where the homestead is claimed out of the real estate of the deceased husband. By the first section of that chapter the judge of probate is empowered to cause the dower and *share of the widow*, and the shares of any or all of the heirs or devisees, in the real estate of any person deceased, or any part of it, to be divided and assigned to them in severalty, according to their respective interests in one or more parcels, as may be convenient. This provision, so far as it gives authority in terms to assign the share of the widow in the real estate, was first introduced upon the revision of the statutes in 1842. It was undoubtedly intended originally to apply to cases arising under secs. 5 and 6 of the act of December 24, 1840, giving to the widows of persons deceased without lineal descendants, in addition to dower, one half, in cases of intestacy, and one third, in cases of testacy, and a waiver by the widow of the provisions of the· will, of all the estate remaining after the payment of debts and the expenses of administration. Until the passage of that act the widow, as such, had no rights beyond her dower in the real estate of her deceased husband. Under its provisions

she became entitled to one half in one case, and one third in another, of the residue of the estate, in addition to dower, as her share therein. By the act in question conferring upon her the homestead right, her share is modified and enlarged by giving to her the use of the homestead conditionally for life. This right is not limited, as under the act of 1840, to the case of a residue remaining after the payment of debts and expenses of administration, but it arises against the creditors, even of an insolvent estate. Although this modification or enlargement of her share results from legislation subsequent to the enactment which confers authority upon the judge of probate to make the assignment of her share, and thus, not being at the time of that enactment an existing case, could not have been directly contemplated as one for the exercise of the power of the judge of probate ; nevertheless, this furnishes no ground for the conclusion that this is not a case provided for by the enactment. It may properly be held that it was intended to give him power to assign to the widow, not merely her share in the estate, such as it was declared to be by the then existing laws, but also such as it might become under subsequent legislation. There is nothing in the act itself to forbid this interpretation, and there is no rule or principle by which courts are ordinarily governed in the construction of statutes which will be violated by it.

In this case the facts appear that the estate out of which the petitioner prays for the assignment of her homestead, was the real estate of her husband ; was occupied by him at the time of his death as his family dwelling and home, and that the petitioner, his widow, continued to occupy it, with the infant children, from his decease until the time of presenting her petition to the judge of probate. The homestead right, under the act, attached for her benefit ; and this right, so far as relates to this ground of claim, constitutes her share in the real estate of her deceased husband ; and the judge of probate has authority, under the provisions of the chapter of the Revised Statutes referred to, to assign and set off to her that share, in the mode therein prescribed.

Norris *v*. Moulton.

The estate is under the incumbrance of a mortgage, given at the time of the purchase, to secure the payment of a part of the purchase money. By the provisions of sec. 5 of the Homestead Act, such lien remains unimpaired by reason of any right under the act. But although the mortgage lien continues paramount to any homestead right, this constitutes no ground of objection to making assignment of the homestead. The right attaches in favor of the widow, as against all persons except such as hold under the mortgage. Until proceedings to enforce the mortgage, the estate in this particular is to be treated as though it were free from the incumbrance. The rights of the mortgagee will, of course, remain unaffected by the assignment. Its operation will be merely to give her the right to hold the homestead assigned to her until proceedings to enforce the paramount right under the mortgage. If the mortgage debt is discharged by the administrator, she then holds her homestead of the value of $500 free from the incumbrance, the appraisal being made as though the estate were unincumbered. If the debt is not paid by the administrator, she will have the right to redeem, and hold the entire estate under the mortgage, as assignee, until such amount be paid to her, as, upon principles of law, others interested in the redemption of the mortgage may be bound to pay. Whether that should be the entire mortgage debt, or a proportionate part of the debt, it is unnecessary now to determine. It has been deemed unnecessary in this case to give to the act an extended examination of its provisions in all their aspects. That embarrassing and difficult questions are liable to arise under it is quite apparent. It is probable that defects will be found to exist in it of a character to forbid that it shall be fully carried out in all cases which may arise under it, and which would seem to be within its purview, without the aid of further legislation. Questions of this nature we do not propose to anticipate, leaving them for consideration and decision when the cases arise which may require it. The views here presented, as the grounds of our opinion in this case, are to be considered as limited strictly to cases of the like impression.

Whether these views may require modification in other cases, to be distinguished from this in their facts, is left open for future consideration.

The opinion of the court is that the judge of probate erred in denying the petition ; that the decree, refusing to proceed and make the assignment, must be reversed ; a decree entered that the homestead be assigned and set off, according to the prayer of the petition, and the case remitted to the judge of probate for further proceedings.